UNITED STATES DISTRICT
COURT DISTRICT OF CONNECTICUT

| | |
|---|---|
| ADRIAN IRVING,<br><br>          Plaintiff,<br><br>     v.<br><br>TWANA FURTIK, *et al.,*<br><br>          Defendants. | Civil Action No. 3:20-cv-1110 (CSH)<br><br><br><br>April 4, 2023 |

### RULING ON DEFENDANTS' MOTION TO DISMISS [Doc. 45]

**HAIGHT, Senior District Judge:**

In this civil action under 42 U.S.C. § 1983, Plaintiff Adrian Irving, a former Connecticut Department of Correction ("DOC") inmate, alleges that Defendants, present and former employees of the Cheshire Correctional Institution ("Cheshire") and MacDougall-Walker Correctional Institution ("MacDougall-Walker"), violated his constitutional rights while he was incarcerated at Cheshire and/or MacDougall-Walker. Specifically, he alleges that Defendants were deliberately indifferent to his serious medical needs and/or subjected him to unsafe conditions of confinement in retaliation for his complaints about lack of medical care. As described below, Plaintiff has failed to notify the Court of his current address for service, thereby effectively abandoning this action and necessitating its dismissal.

### I. BACKGROUND

Plaintiff commenced this action with a Complaint [Doc. 1], filed on August 5, 2020. At that time, Irving was confined by the DOC at Osborn Correctional Institution ("Osborn"). Twice

thereafter, Irving sent notices indicating his changes of address to the Court. On September 25, 2020, he notified the Court that he had been transferred to Carl Robinson Correctional Institution. Doc. 7. On July 7, 2021, he filed a notice that he was moved to the Hartford Correctional Center. Doc. 9.

On August 1, 2022, in its "Initial Review Order" [Doc. 14], the Court set forth the results of its review of Plaintiff's Complaint pursuant to the Court's screening duties under 28 U.S.C. § 1915A. In that Order, the Court identified three cognizable claims and dismissed three other claims that "failed to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1). *Irving v. Furtik*, No. 3:20-CV-1110 (CSH), 2022 WL 3027862, at *9–10 (D. Conn. Aug. 1, 2022). At that time, the Court also explicitly advised Plaintiff regarding notice of his address as follows:

> If Irving changes his address at any time during the litigation of this case, pursuant to Local Civil Rule 83.1(c)2, he MUST notify the court. Failure to do so can result in the dismissal of the case. Irving must give notice of a new address even if he is incarcerated. Irving should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Irving has more than one pending case, he should indicate all the case numbers in the notification of change of address. Irving should also notify the Defendants or the attorney for the Defendants of his new address.

*Id.* at *10.

On December 23, 2022, pursuant to Local Civil Rule 7(b), in anticipation of filing a motion for extension of time for Defendants to respond to the Complaint, Defendants' counsel, Assistant Attorney General Dennis V. Mancini, attempted to contact Irving to "inquire as to his position regarding the motion." Doc. 39, ¶ 6. At that time, Mancini determined that Plaintiff had been discharged from DOC custody on November 4, 2022, and so informed the Court. *Id.* In granting the "Motion for Extension" [Doc. 39], the Court also "ORDERED" Irving to "to update his

address of record by filing a 'change of address' Notice on or before **January 25, 2023**, or the case may be dismissed for failure to prosecute." Doc. 40 (emphasis in original).

On January 6, 2023, Defendants filed their Answer [Doc. 42] to the Complaint and sent a copy of that filing, as well as the Court's ruling on the motion for extension, to Irving at his last known address of record, "Hartford Correctional Center, 177 Weston Street, Hartford, CT 06120." Doc. 45-1, at 2. However, these documents were returned to Defendants' counsel by the United States Post Office with a typed label affixed to the envelope, indicating "return to sender," "attempted – not known," and "unable to forward." *Id.* In addition, the envelope displayed the handwritten note, "Return to Sender Released." *Id. See also* Doc. 45-3, at 2 (photocopy of envelope with notations).

On February 22, 2023, Defendants moved "to dismiss this action for the plaintiff's failure to update his address as required by Local Rule 83.1(c)(2)." Doc. 45, at 1. In his memorandum supporting Defendants' "Motion to Dismiss" [Doc. 45], Attorney Mancini reminded the Court that Irving had been discharged from DOC custody on November 4, 2022, upon the completion of his sentence and had failed to provide his current address. Urging the Court to "look to public records . . . in deciding a motion to dismiss," Defendants' counsel noted that "[a] search of the Department of Correction Website using the plaintiff's assigned inmate number [199785] from the DOC reveals no records as he has discharged from custody." Doc. 45-1, at 2 n. 1 (citing *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002)). Moreover, "[t]his search is available at http://www.ctinmateinfo.state.ct.us/resultsupv.asp." *Id.* Attorney Mancini supported his finding of Plaintiff's discharge by attaching records of Plaintiff's "DOC Movement History," demonstrating that on "11/04/2022," Irving was "discharged" from Hartford Correctional Center in light of "sentence time served." Doc. 45-2, at 2.

3

Since his discharge from DOC custody on November 4, 2022, Plaintiff has failed to contact the Court to update his address for service. Defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 41(b), Local Civil Rule 83.1(c)(2), and the Court's prior Orders [Doc. 14, 40], remains pending. The Court resolves that motion herein.

## II. DISCUSSION

### A. Dismissal Under Rule 41(b)

Rule 41(b), Fed. R. Civ. P., provides in relevant part, "[i]f the plaintiff fails to prosecute or to comply with [the Federal] rules [of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Moreover, in *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962), the United States Supreme Court "noted that '(t)he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.'" *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982) (quoting *Link*, 370 U.S. at 629).

Although Rule 41(b) "expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). In either circumstance, "out of recognition . . . that dismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations," the Second Circuit fashioned five factors to guide the Court's exercise of discretion under Rule 41(b). *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citation and internal quotation marks omitted).

Specifically, when determining whether dismissal for failure to prosecute is appropriate in a particular case, the court asks whether –

(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (citations omitted). *See also Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quoting *Drake,* 375 F.3d at 254); *LeSane*, 239 F.3d at 209 (listing factors and quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir.1988)).

Courts within this Circuit have applied these factors, often referring to them as *LeSane* factors.[1] *See, e.g., Jenkins v. Raytheon Techs. Corp.,* No. 3:21-CV-406 (SRU), 2023 WL 2346576, at *8 (D. Conn. Mar. 3, 2023)*; Gomez v. Lutas Beauty Inc.,* No. 17 CIV. 8173 (ER), 2020 WL 7046768, at *1 (S.D.N.Y. Dec. 1, 2020). No one factor is dispositive, *Drake,* 375 F.3d at 254, and a "dismissal pursuant to Rule 41(b) operates as adjudication on the merits unless otherwise specified by the Court," *Rzayeva v. United States*, 492 F. Supp. 2d 60, 89 (D. Conn. 2007). Also, dismissal under Rule 41(b) is reviewable only for abuse of discretion. *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citations omitted).

---

[1] In *LeSane v. Hall's Security Analyst, Inc.,* the Second Circuit described the five factors for consideration as follows:

[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Id.* at 209. As quoted herein in Part II.A., *supra*, the substance of the factors, if not the exact language, has remained basically the same in later opinions of the Second Circuit. *See, e.g., Drake*, 375 F.3d at 254.

5

### B. Failure to Prosecute by Plaintiff Irving

An analysis of each of the Second Circuit's *LeSane* factors weighs in favor of dismissal. As to the first factor of "significant" duration of delay, Plaintiff was released from Hartford Correctional Center ("HCC") on November 4, 2022, and has failed to notify the Court of his address since that date. This failure has resulted in a "significant" delay of approximately five months. Discovery may not proceed effectively in the case without Plaintiff. Also, motion practice has been hampered by Defendants' inability to contact Irving.

With respect to the second factor of notice to Plaintiff, despite his *pro se* status, Plaintiff has been aware of his duty to inform the Court of his address changes since early in this action. On two prior occasions, he filed the proper notices when his address changed. Doc. 7, 9.

Moreover, since his discharge from prison, the Court has twice reminded Plaintiff that failure to provide the Court with his current address could result in dismissal of the action. On September 9, 2022, while Irving was still incarcerated, the Clerk's Office mailed him the Court's "Initial Review Order" [Doc. 14], informing him that if he "change[d] his address at any time during the litigation of this case, pursuant to Local Civil Rule 83.1(c)2, he MUST notify the court;" otherwise, "[f]ailure to do so c[ould] result in the dismissal of the case." 2022 WL 3027862, at *10. On December 26, 2022, upon Defendants' counsel's notification that Plaintiff had been discharged from HCC, the Court ruled on Defendants' motion for an extension to plead [Doc. 39] with a reminder to Irving that "any self-represented party must notify the Court of a 'change of address within 30 days of such change,' D. Conn. L. Civ. R. 83.1(c)(3)." Doc. 40. The Court further ordered Irving to "update his address of record by filing a 'change of address' Notice on or before **January 25, 2023**" or the case would be subject to "dismiss[al] for failure to prosecute."

*Id.* (emphasis in original).  More than two months have expired following that deadline and Irving has failed to file a notice of change of address.

Given his two prior filings of "change of address" notices, Plaintiff is patently aware of his duty to update his address. Doc. 7, 9.  Moreover, in light of his continuing duty to check his case docket, Irving has constructive knowledge that the Court twice explicitly ordered him to update his address.[2]

At present, there are no apparent means to contact Plaintiff.  Defendants' counsel attempted to send Irving copies of pleadings (the Court's Ruling [Doc. 40] on Defendants' motion for extension [Doc. 39] and the Defendants' Answer to the Complaint [Doc. 42]) by mailing these documents to his last known address, HCC.  Doc. 45-1, at 2.   However, the documents were returned as undeliverable, with the envelope noting "return to sender," "attempted – not known," and "unable to forward," *id.,* suggesting that Plaintiff provided HCC with no forwarding address.

Under these circumstances – Plaintiff's proven knowledge that address changes must be reported,  two warnings from the Court to provide his address, and repeated futile attempts at contact by Defendants' counsel – the Court finds that Irving has received notice that his failure to provide the Court with his current address could result in dismissal of his action.

Despite the usual solicitude granted to *pro se* litigants, "dismissal of a pro se litigant's

---

[2] *Pro se* litigants act as their own counsel. Therefore,  like attorneys,  such self-represented parties  have a duty to be aware of entries on their case  dockets and are on constructive notice of such entries. *See, e.g., Shervington v. Vill. of Piermont*, 732 F. Supp. 2d 423, 425 (S.D.N.Y. 2010); *Friedman v. State Univ. of New York at Binghamton,* No. 3:06-CV-0399, 2006 WL 2882980, at *3 (N.D.N.Y. Oct. 5, 2006).  *See also In re DeMarco*, 733 F.3d 457, 463 (2d Cir. 2013) ("[I]t is customarily the duty of trial counsel to monitor the docket and to advise himself when the court enters an order against which he wishes to protest.").  Moreover, "[a] failure to diligently check the Court's docket does not constitute excusable neglect." *Shervington,* 732 F. Supp. 2d at 425.

action as a sanction may nonetheless be appropriate as long as a warning has been given that noncompliance can result in dismissal." *Martin v. Santopietro*, No. 3:19-CV-00098 (KAD), 2020 WL 3843684, at *1 (D. Conn. July 8, 2020) (quoting *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014) (*per curiam*)).

Regarding the third and fourth *LeSane* factors – prejudice to Defendants and a balance of the Court's need to address its calendar with Plaintiff's right to be heard – there is no indication that Plaintiff will resume litigating his case. With no current address of record, Plaintiff no longer participates in the action so has essentially abandoned it. Defendants are thus prejudiced by being unable to defend; and the Court cannot reasonably plan its calendar to accommodate a plaintiff who expresses no interest in being heard. Both the third and fourth factors militate toward dismissal.

Finally, the fifth guiding factor, a consideration of the efficacy of lesser sanctions, provides no basis to defer dismissal. Irving has failed to respond in any manner to the Court's orders since his discharge from prison. This inability to contact Irving has left the Court with no workable means or opportunity to impose any lesser sanction than dismissal.

As in factually similar cases within this District, an analysis of all relevant factors leads the Court to conclude that "no lesser sanction [than dismissal] will suffice given the Plaintiff's apparent abandonment of any effort to prosecute his claims and failure to communicate to the Court a contrary intention." *Martin*, 2020 WL 3843684, at *3.

## III. CONCLUSION

For the reasons discussed herein, pursuant to Federal Rule of Civil Procedure 41(b) and Local Civil Rule 83.1(c)(2), Defendants' "Motion to Dismiss" [Doc. 45] is hereby GRANTED. The case is DISMISSED, and the Clerk of the Court is directed to close the file.

It is SO ORDERED.

Dated: New Haven, CT
April 4, 2023

                                              */s/Charles S. Haight, Jr.*
                                              CHARLES S. HAIGHT, JR.
                                              Senior United States District Judge